NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE GOMEZ, AKA Enrique Gomez Mejibar, AKA Enrique Gomezmejia, AKA Oscar Lopez, AKA Enrique Menjivar Gomez, AKA Gregory Sandoval, <br><br>       Petitioner,<br><br> v.<br><br> MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No.    15-72483<br><br> Agency No. A206-342-040<br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2022[**]
Pasadena, California

Before:  SMITH,[***] BADE, and LEE, Circuit Judges.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable D. Brooks Smith, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Enrique Gomez, a native of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's decision to order his removal from the United States. We have jurisdiction under 8 U.S.C. § 1252(a). We review questions of law *de novo* and questions of fact for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We deny the petition for review.

Gomez originally applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In petitioning this court, Gomez challenges only the BIA's denial of asylum. Because Gomez has not challenged denials of withholding of removal or CAT protection, we need not reach those claims. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 n.1 (9th Cir. 2010) (recognizing waiver of issues not appealed).

Noncitizens may be granted asylum if they have "suffered past persecution or . . . ha[ve] a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). To be eligible because of past persecution, a noncitizen applicant must establish that he has "suffered persecution in the past in the applicant's country of nationality . . . on account of race, religion, nationality, membership in a particular social group, or political opinion, and is unable or unwilling to return to, or avail himself . . . of the protection of, that country owing to such persecution." *Id.* § 1208.13(b)(1); *see also Nava v. I.N.S.*, 217 F.3d 646, 655–56 (9th Cir. 2000).

Substantial evidence supports the BIA's conclusion that Gomez did not establish past persecution. Gomez has never been harmed or threatened in El Salvador. The murder of his children's mother does not compel a finding of past persecution because there is no evidence that her murder was directed against Gomez, *see Sumolang v. Holder*, 723 F.3d 1080, 1084 (9th Cir. 2013), and her murder occurred two years after Gomez arrived in the United States, *see Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010). Moreover, the threat received by Gomez's son does not constitute persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (characterizing "unfilled threats" as "harassment rather than persecution").

Gomez contends the BIA erred by failing to consider whether he is a member of a particular social group, and that failure necessitates remand. But Gomez is mistaken; one's membership in a particular social group does not entitle that person to asylum absent persecution or a well-founded fear of future persecution. Because substantial evidence supports the conclusion that Gomez was not persecuted, no persecution could have taken place on account of his membership in a particular social group. That the group may have been cognizable is of no moment. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

This leaves future persecution as Gomez's only other avenue to asylum. To be eligible for asylum because of a well-founded fear of future persecution, the noncitizen must not be able to "avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). The BIA concluded that Gomez does not have a well-founded fear of persecution because he did not establish that he would be unable to relocate within El Salvador. Gomez does not challenge this dispositive conclusion. *See Aguilar-Ramos*, 594 F.3d at 703 n.1. We thus deny Gomez's petition for review.

**DENIED**.